UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DAVID E. LAWSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 15-144-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ROBERT A. MCDONALD, Secretary of | ) | **MEMORANDUM OPINION** |
| Veterans Affairs, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On May 20, 2015, Petitioner David Lawson filed a *pro se* Complaint [Record No. 1] based on Title VII of the Age Discrimination in Employment Act ("ADEA"). Lawson attached the final decision of the Department of Veterans Affairs' Office of Employment Discrimination Complaint Adjudication ("OEDCA"). [Record No. 1-1] In his Complaint, Lawson states that he "disagee[s] with the agency's final decision." [Record No. 1] Accordingly, the Court will construe Lawson's Complaint as an appeal of the OEDCA's decision, authorized by 29 C.F.R. § 1614.407.[1]

On May 29, 2015, this Court granted Lawson's motion to proceed *in forma pauperis* and denied his motion seeking appointment of counsel. [Record Nos. 2 and 3] Because Lawson has been granted *in forma pauperis* status in this action, the Court will conduct a

---

[1]     This Court has jurisdiction over Lawson's claims under 42 U.S.C. §§ 2000e-16(d) and 2000e-5(f)(3) which together permit litigants alleging age discrimination in federal employment to bring suit under Title VII of the ADEA in the United States district court that sits in the judicial district "in the State in which the unlawful employment practice is alleged to have been committed." Lawson alleges that he was discriminated against on the basis of his age by Camp Nelson National Cemetery in Nicholasville, Kentucky which falls under the jurisdiction of this Court. [Record No. 1-1]

preliminary review of his Complaint as required by 28 U.S.C. § 1915(e)(2)(B). Lawson's Complaint meets all three of the preliminary screening requirements. Therefore, the Court will allow Lawson's age discrimination claim to proceed.

## I.

Lawson's Complaint is handwritten and only one page in length. [Record No. 1] After the caption stating the case name, the entire Complaint reads,

> I am filing [a] civil action under Title VII. After I have given more than reasonable time for the Department of Veterans Affairs to resolve my EEOC complaint, I have concluded that the facts of this case have been corrupted through numerous sources[,] and it is time for the records to be clarified and heard in a U.S. District Court.
>
> In reference to EEOC case 2004-0833-2014103578[,] I disagree with the agency's final decision. After reading their reasons for denying my case, I see that some facts have been omitted and some have been wrong.

*Id.*

Lawson then signed and dated the Complaint. *Id.* Lawson attached to the Complaint a letter from the OEDCA entitled "Transmittal of Final Agency Decision or Order." [Record No. 1-1, p. 1] A document entitled "Final Agency Decision" is attached to the letter. *Id.* at 2-8. The Final Agency Decision states that Lawson filed a "formal EEO complaint" on September 29, 2014, alleging a violation of the AEDA by Camp Nelson National Cemetery ("the cemetery") in Nicholasville, Kentucky. *Id.* at 2.

Lawson, who is over forty years of age, worked temporarily at the cemetery as part of the Compensated Work Therapy Program, an initiative run by the Department of Veterans Affairs that provides temporary work to veterans. *Id.* at 3. Sometime in 2014, after Lawson's employment with the cemetery ended, he applied for a different position there, but an eighteen-year-old high school graduate was selected instead. *Id.* According to the

agency's decision, Lawson "believes that he is more qualified than [the person selected] because of the experience he gained in the [cemetery]." *Id.* Accordingly, Lawson believed that he was overlooked for the position because of his age. Lawson also believed that the person selected had an advantage in the hiring process because his mother worked as an administrative assistant at the cemetery. *Id.*

Finding that the selecting officer had a legitimate nondiscriminatory reason for hiring the person selected instead of Lawson, the OEDCA concluded that Lawson "failed to establish discrimination on the basis of age." *Id.* at 5-6. The OEDCA indicated that if Lawson disagreed with the result, he could either file an appeal with the Equal Employment Opportunity Commission ("EEOC") or file a civil action in United States District Court by naming Robert A. McDonald, Secretary of Veterans Affairs, as the defendant. *Id.* at 6-7. Lawson filed a timely civil action in this Court and properly named McDonald as the respondent. [Record No. 1]

## II.

When a district court has granted *in forma pauperis* status to a civil complainant, 28 U.S.C. § 1915 requires the Court to dismiss the action if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendants who are immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B). Lawson's Complaint, viewed together with the attached letter and final agency decision, is not frivolous or malicious, does state a claim upon which relief may be granted, and is not barred by immunity. Therefore, at this preliminary screening stage, Lawson's Complaint avoids dismissal.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants are still required to meet basic pleading requirements, set forth in the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In deciding whether to dismiss a complaint for failure to state a claim, courts generally may not consider factual allegations outside of the complaint. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). Nevertheless, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007). In *Blackshaw v. MSC Indus. Direct Co. Inc.*, No. 2:12-CV-167, 2013 WL 3788604, at *1 (E.D. Tenn. July 18, 2013), the plaintiff also filed an age discrimination suit. He attached to his amended complaint the dismissal letter he received from the EEOC along with portions of his response to the EEOC. *Id.* at *2. In deciding a motion to dismiss for failure to state a claim, the federal district court for the Eastern District of Tennessee considered the factual allegations contained in the EEOC letter and response as if they were factual allegations made in the complaint itself. *Id.* at *3. Applying the same logic, the Court will consider the

factual allegations contained in the attachments to Lawson's Complaint as if he had included them in the Complaint itself.

The "Final Agency Decision" attached to Lawson's Complaint states that he is a member of the class protected by the ADEA because he is over forty years of age. [Record No. 1-1, p. 2] Lawson alleges that the person selected for the position was eighteen years old, significantly younger than Lawson. The agency's decision also establishes that Lawson believes he was more qualified than the person selected. Accordingly, he alleges that he was not selected for the position because of his age.

A plaintiff in a Title VII case carries the initial burden of establishing a prima facie case of discrimination which requires him to prove: (i) that he belongs to a protected class, (ii) that he applied for and was qualified for the position in question, (iii) that he was rejected for the position, and (iv) that circumstances existed that support an inference of discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). However, the United States Supreme Court held in *Swierkiewicz* that the prima facie requirements are an evidentiary standard, not a pleading standard. *Id.* Generally, a Title VII plaintiff must establish the prima facie elements to withstand a motion for summary judgment, but he is not required to establish a prima facie case to withstand a motion to dismiss for failure to state a claim. *See id.* at 512-14. The Sixth Circuit has continued to apply *Swierkiewicz*'s holding even after the Supreme Court's decisions in *Twombly* and *Iqbal*. *See Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012).

In *Back v. Hall*, 537 F.3d 552, 554 (6th Cir. 2008), the plaintiff's complaint alleged employment discrimination on the basis of her political affiliation. Relying on *Swierkiewicz*, the Sixth Circuit held that, "for now, at the pleading stage it suffices that [the plaintiff]

-5-

alleged that she 'was terminated by [the defendants] by reason of her political affiliation as a Democrat." *Id.* at 558.  Likewise, Lawson alleges that: (1) he was member of the protected class at the time he was rejected for the job, (2) a significantly younger person received the position instead, and (3) ultimately, he was not hired for the job by reason of his age.  Those factual allegations, taken as true for the purpose of this preliminary screening, are sufficient to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Lawson's Complaint also appears to be made in good faith, without malicious intent. It does not seem frivolous.  A complaint is frivolous where it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Section 1915's use of the term "frivolous" "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*  Lawson's legal claims are not inarguable, and his factual allegations are not far-fetched or fanciful.

Finally, Respondent McDonald is not protected by immunity.  "In the ADEA, the United States has expressly waived its immunity, 29 U.S.C. § 633a (1976 ed. and Supp. III), so that there can be no doubt of its consent to be sued." *Lehman v. Nakshian*, 453 U.S. 156, 170 (1981).  Additionally, the letter Lawson received from OEDCA specifically directed him to name McDonald as the defendant in a civil action appealing the agency's decision. [Record No. 1-1, p. 7]

### III.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1.      Robert McDonald must **RESPOND** to Lawson's claims.

2.      The Clerk of the Court shall forward by certified mail, return receipt requested, one copy of the Complaint [Record No. 1], the attachments thereto [Record No. 1-1], and a copy of this Memorandum Opinion and Order to Robert A. McDonald, c/o Office of Regional Counsel, Department of Veterans Affairs, 321 W. Main St., Suite 390, Louisville, KY 40202; the United States Attorney's Office for the Eastern District of Kentucky, 260 W. Vine St., Suite 300, Lexington, KY 40507-1612; and the United States Attorney General, Hon. Loretta Lynch, 950 Pennsylvania Ave., NW, Washington, D.C. 20530-0001.

3.      Petitioner Lawson must keep the Clerk of the Court informed of his current mailing address.  **Failure to notify the Clerk of any change of address may result in dismissal of this case**.

4.      With every notice or motion filed with the Court, Petitioner Lawson ***must***: (a) mail a copy to Respondent McDonald (or his attorney); and (b) at the end of the notice or motion, certify that he has mailed a copy to Respondent McDonald (or his attorney) and the date on which this was done.  **The Court will disregard any notice or motion which does not include this certification.**

This 10th day of November, 2015.



Signed By:

*Danny C. Reeves*    DCR

**United States District Judge**