UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DAVID E. LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-144-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ROBERT A. MCDONALD, Secretary of | ) | **MEMORANDUM OPINION** |
| Veterans Affairs, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In April 2014, the Veterans Affairs, National Cemetery Administration, received applications for a Temporary Cemetery Caretaker position for Camp Nelson Cemetery located in Lebanon, Kentucky.  Plaintiff David Lawson applied for the position but was not selected.  Instead, based on responses to self-evaluation forms filled-out on line by all applicants, a much younger person was chosen for the job.  Lawson was fifty-six years old at the time he applied for the position and he believes that his age had a bearing in the hiring decision.  As a result, Lawson filed a formal, internal complaint with the Secretary of Veterans Affairs and, thereafter, with this Court.

The matter is currently pending for consideration of Defendant Robert A. McDonald's[1] motion to dismiss or, alternatively, for summary judgment.  [Record No. 9] In support, Defendant McDonald has attached for consideration the sworn statements of two individuals involved in the subject hiring decision, together with information

---

[1] Defendant McDonald is named in his official position as Secretary of Veterans Affairs.

regarding the position in issue and questions addressed by all applicants in determining their qualifications and eligibility.  Plaintiff Lawson has not responded to the motion within the time permitted by the Local Rules.  As a result, the defendant's motion has been reviewed without the benefit of a response.

After consideration of all materials submitted, the Court concludes that there are no material factual issues in dispute.  Further, Defendant McDonald is entitled to judgment as a matter of law.  Accordingly, summary judgment will be entered in his favor.

## I.    RELEVANT FACTS

The duties a cemetery caretaker is expected to perform are listed in two areas of the materials submitted in support of the defendant's motion for summary judgment. These duties are generally described as follows:

> The Cemetery Caretaker performs jobs requiring manual skills and physical strength.  Performs a variety of tasks, such as operating small tractors and riding lawn mowers; transplanting shrubs; digging graves to the proper level; cutting and removing sod, tamping and leveling dirt using hand and power tools; digging and squaring graves using pneumatic equipment, picks and shovels; assisting in lifting and placing caskets on lowering devices; loading and unloading materials; aligning headstones; cleaning and clearing cemetery grounds of debris using power trimmers, chainsaws, axes, shovels, rakes, blowers, vacuums etc.; weeding, mulching, and applying fertilizer; pruning shrubs and low level dead branches; removing snow and ice; cleaning headstones using sprayer and hand brush; and cleaning service and administrative areas.

[Record No. 9-3, p. 2][2]  When applying for this position, applicants respond to an on-line questionnaire containing fifteen specific questions with several optional answers.  For example, Question No. 2 of the questionnaire directs the applicant to rate his or her ability to communicate in a "courteous and tactful manner to create an environment of respect for customers."  The applicant is given the following choices in responding to this question:

> A.  I do not have experience or demonstrated capability in performing this activity.
>
> B.  I have limited experience performing this activity.  I have had exposure to this activity but would require additional guidance, instruction, or experience to perform it at a satisfactory level.
>
> C.  I have a fair amount of experience and a fair amount of demonstrated capability in performing this activity.  I can perform this activity satisfactorily but could benefit from additional guidance, instruction, or experience to perform this activity more effectively.
>
> D.  I have considerable experience and considerable demonstrated capability in performing this activity.  I can perform this activity independently and effectively.
>
> E.  I have extensive experience and demonstrated capability in performing this activity.  I am considered an expert and am often consulted by others to assist or train them in performing this activity.  I have reviewed and/or evaluated the work of others performing this activity.

[Record No. 9-3, p. 9-10]  Applicants were not required to state or otherwise identify their age in responding to the on-line questionnaire.

After the questions were answered, the responses were submitted for computer scoring.  Each response was weighed according to the applicant's expertise.  For

---

[2]  The job description is also described at page 17 of Record No. 9-3.  The description of duties is not significantly different.

example, in response to Question No. 2 outlined above, Response E carries more weight than the other responses, with the first potential response (Response A) having the least weight assigned. Individuals receiving a score of 97 or better were placed in the "Best Qualified" category which is defined by the sub-agency as "applicants [who] possess[] knowledge, skills and abilities that substantially exceed the minimum qualifications of the position and who are highly proficient in all requirements of the job and can perform effectively in the position."  [Record No. 9-1, p. 5]

Lawson, together with seven other applicants responded to the on-line questionnaire.  Lawson received a score of 85, while the successful applicant (identified here as "TM") received a score of 100.  Of the eight applicants, only TM received a score in the Best Qualified category.[3]  As a result, only TM was submitted to the selecting official for consideration.

Vincent Delaney is employed by the National Cemetery Administration (a sub-agency of the Department of Veterans Affairs) and works in the sub-agency's field office in Indianapolis, Indiana.  [*See* Record No. 9-1.]  As part of his job duties, Delaney examines self-evaluation questionnaires filled-out by various job applicants.  Delaney does not have face-to-face contact with job applicants and does not conduct interviews. In the present case, there is no evidence that he was aware of the ages of any of the applicants for the Camp Nelson position.  In fact, the only evidence in the record

---

[3]  Prior to applying for the position in issue, Lawson has been employed temporarily for two to three months.

confirms that Delaney was unaware of the age of any applicant for the Temporary Cemetery Caretaker position.  [Record No. 9-1, p. 12]

In response to the posting of that position, Delaney received submissions from the above-referenced eight applicants.  According to the sworn statement obtained as part of the investigation of Lawson's EEO complaint, Delaney "reviewed and validated" TM's responses after receiving the computer scoring of all applicants.  Further, because TM was the only applicant that scored in the "Best Qualified" category, only his name was submitted to the selecting official Patricia Lovett for consideration.[4]

The sworn statement of Lovett was also obtained as part of the EEO investigaton.  Lovett is employed as a Cemetery Director and oversees the Camp Nelson Cemetery.[5]  Lovett confirmed that only one application (TM) was submitted for her consideration for the position of Temporary Cemetery Caretaker for the facility.  Lovett also confirmed that, at the time of TM's hiring, the applicant's mother was employed as a secretary representative and under her supervision.  However, Lovett also confirmed that, upon his hiring, TM would be under the supervision of another individual.  [Record No. 9-2, p. 6]

---

[4]  Delaney "assumed" that Lawson obtained a minimum score to be qualified for consideration. However, he further indicated that Lawson was selected for another, permanent position in South Carolina, but was later found "unsuitable" for federal employment due to information obtained in connection with a background investigation.  Delaney was unable to explain the reason that Lawson failed the background investigation.  This raises the possibility that Lawson may not meet the "otherwise qualified" requirement of establishing a prima facie case.  However, the defendant has not addressed this issue in its motion and the Court finds it unnecessary to resolve the matter.

[5]  According to Lovett, the Lebanon National Cemetery in Lebanon, Kentucky (referred to herein as the Camp Nelson Cemetery) is a part of the Kentucky National Cemetery complex, VISN 4, Indianapolis, Indiana, National Cemetery Administration, Veterans Affairs.

And while Lovett was unaware of the ages of the other applicants who were not certified for possible employment by Delaney, Lovett did know TM's approximate age, inasmuch as he had recently completed a student hiring appointment.

## II.    PROCEDURAL HISTORY

Following the agency's investigation, Lawson was provided with a Report of Investigation and notified of his right to request either: (i) a hearing and decision by an EEOC hearing officer or, alternatively, (ii) an immediate final decision by the Office of Resolution Management ("ORM") without a hearing.  Lawson requested a final agency decision.  As a result, the file of the complaint and investigation was forwarded to Office of Employment Discrimination Complaint Adjudication (OEDCA) within the same department for final agency action.   On May 7, 2015, the OEDCA issued its Final Agency Decision, a copy of which is attached as an exhibit to Lawson's Complaint.  [See Record No. 1-1, pp. 2-8.]

After summarizing the plaintiff's claim, relevant facts, and applicable law, the Director of OEDCA concluded that the agency had met its burden of producing a legitimate, nondiscriminatory reason for its hiring decision under *Texas Dep's of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).   The Director further determined that Lawson failed to offer any relevant evidence that the explanation offered for the defendant's hiring decision was pretextual.   In short, the Director found that Lawson's claim fails because "there is simply no evidence to suggest that [his] age was a factor in the selection process for the [v]acancy."  [Record No. 1-1, p. 6]

-6-

Lawson did not seek review of the Final Agency Decision by the Equal Employment Opportunity Commission. Instead, this action was timely-filed within 90 days of the plaintiff's receipt of the final decision. On May 29, 2015, the Court granted Lawson's motion for leave to proceed *in forma pauperis*, but denied his request for appointment of counsel. [Record No. 3] Thereafter, Defendant McDonald moved the Court to dismiss the Complaint or, alternatively, grant summary judgment in his favor. As previously noted, Lawson has not responded to the defendant's motion.[6]

## III.    THE SUMMARY JUDGMENT STANDARD

Because Defendant McDonald submits materials outside the pleadings for consideration, it is not appropriate to address potential dismissal under Rule 12 of the Federal Rules of Civil Procedure.[7] Instead, the motion will be analyzed under Rule 56. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993); *Smith v. The Cheesecake Factory Rests., Inc.*, No. 3:06-00829, 2010 WL 441562, at *3–4 (M.D. Tenn. Feb. 4, 2010) (citations omitted) ("[I]f affidavits are filed with the district court, the court must proceed under Rule 56 unless the court decides to exclude the affidavits.").

---

[6]   Lawson listed his address as "27 Chase Lane, Lancaster, Kentucky 40444" Lawson's Complaint was screened on November 10, 2015, and the Court determined that the matter could proceed. However, The Court warned that "Lawson must keep the Clerk of the Court informed of his current mailing address. **Failure to notify the Clerk of any change of address may result in dismissal of this case.** (Emphasis in original.) [Record No. 4] It appears that Lawson is no longer living at this original address based on several orders which have been returned the Clerk of the Court, including the November 10, 2015, Order. [*See* Record Nos. 7, 8, and 12.]

[7]   The defendant fails to address in any substantive way whether the *pro se* plaintiff's Complaint states a viable claim sufficient to withstand Rule 12 of the Federal Rules of Civil Procedure. [*See* Record No. 9, p. 5.]

Summary judgment is appropriate when there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002).  A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party.  That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  In light of such evidence and inferences, the Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251–52 (1986).

Lawson did not respond to the defendants' motion and has not sought an extension of time for this purpose.  However, when faced with an unopposed motion for summary judgment, a district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met his burden.  In other words, summary judgment by default is not proper.  *See Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419, 2005 U.S. App. LEXIS 417, **3-4 (6th Cir. 2005)

(*per curiam*); *Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380–81 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.  The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.") (quoting *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991)).  Based on these authorities, the Court has examined the record but concludes that the defendant has carried his burden of proof.

## IV.    LAWSON'S CLAIMS OF AGE DISCRIMINATION

On May 20, 2015, Lawson filed a one-page pleading which has been construed as a civil Complaint.  The body of the pleading contains three paragraphs and states:

> I am filing civil action under Title VII.  After I have given more than reasonable time for the Department of Veterans Affairs to resolve my EEO complaint, I have concluded that the facts of this case have been corrupted through numerous sources and it is time for the records to be clarified and heard in a U.S. District Court.
>
> In reference to EEOC case 2004-0833-2014103578[,] I disagree with the agency's final decision.  After reading their reasons for denying my case, I see that some facts have been omitted and some have been wrong.
>
> I wish to have my voice heard in U.S. District Court.

[Record No. 1]  Lawson attached to his pleading the transmittal letter and the seven-page Final Agency Decision regarding his grievance.  However, he did not provide any information identifying the facts which he claims were omitted or those which he believes are wrong.  Likewise, Lawson does not attempt to explain or provide any details regarding his assertion that "the facts of the case have been corrupted through numerous sources."

-9-

A plaintiff may establish a claim for age discrimination by offering either direct or circumstantial evidence of discrimination. *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 181 (6th Cir. 2004). Direct evidence consists of "evidence from the lips of the defendant proclaiming his or her . . . animus." *Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir. 1998) (internal quotations and citations omitted). "[I]f believed, [direct evidence] requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's action." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (quoting *Jacklyn v. Schering-Plough Health Care Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999)). Here, Lawson has failed to offer any direct evidence to support his assertion that his age was a factor that was considered in the selection of the position to which he applied. Therefore, to overcome the defendant's motion, circumstantial evidence must support Lawson's claim. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1973); *Saley v. Caney Fork, LLC*, 886 F. Supp. 2d 837, 855 n.7 (M.D. Tenn. 2012)

Under the *McDonnell Douglas* framework, the evidence of record must demonstrate that Lawson was: (i) a member of a protected class; (ii) subjected to an adverse employment action; (iii) qualified for the position he held; and (iv) treated differently than a similarly-situated individual outside the protected class. *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (6th Cir. 2006) (applying *McDonnell Douglas* test to Title VII claims); *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1115 (6th Cir. 2001) (applying *McDonnell Douglas* test to ADEA case). If Lawson is able to establish a *prima facie* case of discrimination, the burden shifts to the defendant to

-10-

articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 547 (6th Cir. 2004). And if the defendant provides a legitimate, nondiscriminatory reason, the burden returns to the plaintiff to show that the reason given by the defendant was merely a pretext for a decision actually motivated by unlawful bias. *Id.*

As an initial matter, Lawson's age qualifies him as a member of a protected class. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998). Next, notwithstanding the information referenced in footnote 4 above, the defendant has not argued that Lawson was not qualified for the Temporary Cemetery Caretaker position at the time his application was submitted. Likewise, the defendant does not contend that Lawson cannot meet either of the other elements necessary to establish a prima facie claim. Instead, rather than contest any of the elements, the Final Agency Decision supporting the defendant's ultimate decision "bypass[ed] the prima facie analysis, and proceed[ed] directly to the Agency's explanation for its actions." [*See* Record No. 1-1, p. 5.] As a result, this Court will follow suit and will not consider whether circumstantial evidence establishes a prima facie case of age discrimination. Instead, the Court will address as an initial matter whether the defendant has offered a legitimate, non-discriminatory reason for its hiring decision. Based on the uncontested evidence submitted, the Court finds that the defendant has met this burden.

As discussed more fully above, Lawson filled-out a self-evaluation questionnaire which resulted in a score of 85. Age information was not included in any of the questions and was not considered by the individuals who: (i) screened the applicants, (ii) verified

the information the applicants provided, or (iii) made the decision to hire the one applicant who scored in the "Best Qualified" category. Simply put, Lawson has failed to offer any evidence that age was a factor in any part of the defendant's hiring decision. Further, Lawson has failed to offer any evidence that TM was unqualified for the position or that his score on the self-questionnaire did not accurately reflect his qualifications. Thus, Defendant McDonald has offered a legitimate, nondiscriminatory business reason and justification for hiring TM which was unrelated to age.

Further, there is no evidence that the reason for TM's hiring was a pretext. This conclusion is not undermined by any potential claim of nepotism based on the fact that TM's mother was employed by the subject agency at the time TM's application was considered. As the defendant notes in his supporting memorandum, the claim is not only without a factual basis, it would not be actionable absent some evidence of discriminatory animus. *See Betkerur v. Aultman Hospital Assoc.*, 78 F.3d 1079, 1096 (6th Cir. 1996) (In a Title VII case, charges of nepotism, even if proven, do not constitute evidence of impermissible discrimination. "The list of impermissible considerations within the context of employment practice is both limited and specific . . . . We are not free to add our own considerations to the list.").

## V.    CONCLUSION

The defendant has demonstrated that a legitimate, nondiscriminatory reason existed for hiring TM for the position of Temporary Cemetery Caretaker at the Camp Nelson National Cemetery. TM was qualified for the position and was not selected because of his age. Likewise, while Plaintiff Lawson was not selected for the position,

the defendant's decision was not based on Lawson's age.  Finally, Lawson has not offered any evidence that the defendant's hiring decision was a pretext or based on some improper motive.  Accordingly, it is hereby

      **ORDERED** as follows:

      1.    Defendant Robert A. McDonald's motion for summary judgment [Record No. 9] is **GRANTED**.  The defendant's alternative motion to dismiss [Record No. 9] is **DENIED** as moot.

      2.    Plaintiff David A. Lawson's claims of age discrimination asserted against Defendant Lawson are **DISMISSED**, with prejudice.  Further, this action is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

      3.    A **FINAL** and **APPEALABLE** Judgment will be entered this date.

      This 19th day of February, 2016.



Signed By:

*Danny C. Reeves*   DCR

United States District Judge